Oh, yay. Oh, yay. Oh, yay. The Honorable Appellate Court, 5th District, State of Illinois is now in session. The Honorable Justice Cates presiding, along with Justice Moore and Justice Bowie. The first case this morning is number 5-18-3, People v. Vaughn. Arguing for the appellant, Willie Vaughn, is Julie Thompson. Arguing for the appellee, People of the State of Illinois, is Valerie Osment. Each side will have up to 10 minutes for their argument. The appellant will also have up to 5 minutes for rebuttal. You will see the digital timekeeping device on my screen. When time has expired, I will hit the gavel. And finally, please remember no photographs and only the clerk of the court is permitted to record these proceedings today. Okay, are the Council ready to proceed? We are ready, Your Honor. Alright, Justice Thompson, you may proceed. May it please the Court and Council, my name is Julie Thompson and I work for the Office of the State Appellate Defender. I am here today representing Willie Vaughn. Willie Vaughn entered into an open guilty plea in Jefferson County, Illinois. He pled guilty to the offense of residential burglary. He admitted that he went into the home of Lauren Ward and removed a bag that contained gold coins. It was an open guilty plea, so there was a sentencing hearing and Mr. Vaughn was sentenced to 20 years in the Department of Corrections and was ordered to pay $100,000 in restitution. We are here today because of that restitution order. The trial court ordered restitution in the amount of $100,000 and required Mr. Vaughn to appear within 30 days of his release from the Department of Corrections to set a time payment schedule for payments on this restitution. Mr. Vaughn is not challenging the amount of the restitution. There is no basis in the record to do so. In fact, Mr. Vaughn at sentencing asked that the $4,300 that was recovered when he was arrested be paid over toward restitution. What Mr. Vaughn is challenging is the validity of the actual restitution orders details. The restitution statute in Illinois requires that a court determine a defendant's ability to pay when deciding whether a payment, whether restitution should be paid as a lump sum or in installments and also requires a trial court to set a time limit up to five years not including periods of incarceration during which that restitution has to be paid. This trial court did neither of those things. Mr. Vaughn was simply ordered to show up within 30 days of his release from the Department of Corrections to find out what his restitution requirements were going to be. This violates the statute. This court in People v. Hayes held that a case had to be remanded for a restitution determination when the trial court failed to set out the method and time of the payment of restitution. That's the sum total of our argument. The we have not demonstrated plain error and therefore Mr. Vaughn should not be entitled to any relief in this case. We would point out that in our briefs we have cited a string of cases. There's People v. Dickey from the 3rd District. There are two cases from the 2nd as well as People v. Hayes, this court, 5th District in 1988. All of which remanded for restitution determinations to essentially tidy up the details of a restitution order. Those were done without preservation of that error. Let me ask you a question please. In People v. Hayes, was there an objection made at the time of sentencing? No, Your Honor, not that shows in the court's decision. Does the 5-year period act as a statute of limitations then on the ability to pay? There's actually a provision in the statute that allows the trial court for good cause shown to extend the period of repayment beyond that 5-year period. This frankly would probably be a case where such would be appropriate to do. If somebody is going to a prison for 20 years, they're obviously not going to be working and having the ability to pay. But for example, if the gentleman would write a book while he was in prison that then made him $30 million, he'd be able to pay. So once he's released, the court's going to say, come on before us and let's see what your ability to pay is. What's wrong with that? Well, Your Honor, you do raise a valid point. And one of the things that the trial court indicated during the sentencing hearing was that Mr. Vaughn's financial situation was such that there was no real expectation of his ability to pay this amount of restitution. The trial court took the position that if he ever hit the lottery, he would be required to make some payment toward restitution. Primarily the issue with it is it simply doesn't comply with what the legislature required in the statute. They were very specific. They wanted a time payment arrangement made. It was either to be paid in a lump sum or over a period of time. And they wanted a deadline by which it was required to be paid. But the goods cost shown extension, do you think the judge has to say that specifically or can it be, well, you know, I know you can't pay right now, but the actual statute, Your Honor, if the court deems necessary and in the best interest of the victim, the court may extend beyond five years, the period of time within which the restitution is to be paid, extend beyond the period of five years, but they've never set the period of five years. The statute set the period of five years, but the trial court never scheduled a payment. They never set a time limitation during which Mr. Vaughn had to pay. The court doesn't have to give him five years. They can give him less than five. Don't you think that's implicit within the court's statements that there's an extension of five years if he knows there's no payment in 20? But the court didn't say that, Your Honor. Only the statute speaks to the extension of that five years. The only thing the trial court said to Mr. Vaughn and the only order entered for Mr. Vaughn says he is to personally appear in court within 30 days of his release from DOC and establish a time payment order unless paid in full. That's it. That's the sum total of the trial court's order. Mr. Vaughn has no idea the contents of the restitution statute, the limitations of the five years, the possible extension beyond that five years. The trial court's order did not comply with the statute, and that is our sole issue here today. We're seeking remand so that the trial court can comply with the restitution statute. Well, counsel, to follow up with what Justice Cates was asking, if it's remanded back to the trial court now, I mean, essentially, it's useless. The trial court would be, it'd be very hard for the trial court to set up a time and an amount and to follow the statute for someone who's going to be in DOC for at least another five to seven years with nothing coming in other than what somebody may put in his commissary books or what little he may get for there. So if it's remanded, what is it going to be remanded for? Because until he gets out, it's going to be very difficult to determine how much he has the ability to I believe does provide for modification of terms if the situation changes. But the statute, the legislature required that it be done at the time of sentencing. And I think for policy purposes, it was more for the victim's peace of mind than anything else. Mr. Ward, who is owed this $100,000 at this point in time, is an elderly retired gentleman who has absolutely no idea if or when he will ever see even a payment toward not not only his entire amount, but not even a payment based on this trial court's order. So while it will be difficult for the trial court to fashion an order, because of the incarceration, that is what the legislature requires. That's what the statute requires. And that's what the case law that follows this statute requires. We're asking that it be remanded so that the trial court can do what the statute requires it to do. Go ahead. If the court grants the relief you're requesting and remands this for the restitution hearing, trial court is not required to find that those gold coins have been disposed of the court can find that they may still be in existence. Can the court do that? Theoretically, they could Your Honor, the the only information that we have from the record as to those gold coins is that they were taken to Chicago. That's what he said. That's what Mr. Vaughn indicated doesn't have to believe him. No, it doesn't. And and so the court could attempt to make some investigation into actually the location of some of those coins, some of which were actually just gold bullion to be sold, but some of which were collector coins that had some fairly significant value that will increase as the years go on. And Mr. Ward had actually wanted those for an inheritance for his family. So the way the record currently reads, there was no real effort made to see if any of those coins could be located or recovered. Okay, thank you, Mr. Thompson. Justice Moore, did you have a follow up question? No, that's all that I had. Okay, Justice Boyd. Nope. All right, then Miss Osmond. What say for the state? Speak up for us. Sorry about that. Good morning, Your Honors Council, and may it please the court. My name is Valerie Osmond, and I represent the people of the state of Illinois. In this case, the sole issue on appeal in this is whether the restitution order is valid. As opposing counsel mentioned in the Hayes case, looking at that case, this court stated that the trial court is not required to determine the defendant's ability to pay when ordering restitution, but only when determining the manner of payment. And consequently, in that case, the trial court did not are in determining the ability to pay. In this case, and first and foremost, the defendant failed to even acknowledge this issue in the trial court or on appeal and rarely mentions it in a reply brief. And because the defendant did not raise this issue in the trial court through a written post trial motion, the issues waived. The defendant here is arguing, well, the trial court messed up. It needs to go back down. And that's more important than and overshadows the fact that the defendant failed to raise this issue on review, which is essentially kind of the same procedural problem or issue is that, well, we messed up on appeal, but that's fine because it needs to go back down, even though the trial court messed up below. That's confusing. I'm trying to make it more clear, and I apologize. But in this case, no mention of waiver by the defendant has been acknowledged. What about people versus Hayes? Was there waiver in that case too? Was that an issue? Can you distinguish that? The only issue that is discussed about the failure to object in Hayes was that this court said, let me find it. This court did know that the defendant did not object at his sentencing to the trial court's remarks. So can you distinguish that case from this case, Ms. Osmond? Yes. In the record, actually, the trial court did take into consideration the defendant's ability to pay. And in fact, as the defendant notes in his opening brief. I'm confused on who you're talking about now, his and defendants. What case are you talking about versus this case? I'm talking about your Honor's question regarding the people versus Hayes decision. Okay. The record indicates that the trial court in this case did take into consideration the defendant's ability to pay and even said at the hearing, with respect to the restitution order, I'm going to set restitution at $100,000. And as I said, that's the only evidence we have about that. I don't anticipate that it will be paid, but if something major happens someday, if you have some property land or whatever, it's a judgment. And then later also said, if I put in the restitution of $60,000, $70,000, $80,000, $100,000, it isn't really going to make much of a difference because I don't expect you to ever pay it back. But I'm going to order restitution just so in case you win the lottery someday, you'll have to pay him. And as your Honor stated in opposing counsel's argument earlier, such as if he wrote a book or something like that, then that is the trial court's consideration of the defendant's ability to pay. Well, how is that different from what happened in people versus Hayes? So in Hayes, the trial court ordered the defendant to pay the full amount. And it was to be apportioned between the co-defendants. And this court said that the trial court therefore did not earn ordering him to pay the restitution. But in the absence of an order apportioning restitution, the defendant only bears his or her share of what happened in that case. So I think there were, I'm not familiar with that case. I know that opposing counsel cited it in her reply brief, but she did not cite it in her opening brief. And I believe there's an issue with that. But from what I'm looking at now, there were issues with co-defendants and apportioning who was to pay what in that case. Whereas in this case, there's only one defendant and one amount to be paid. And actually, there is case law that says in the absence of a restitution order, it is to be inferred that it is to be paid in a lump sum. Obviously, that's probably not going to happen unless, as the trial court did note at the hearing, the defendant wins the lottery someday or comes in to own some property or something like that, which could be paid in a lump sum. And that's what the case law states. Okay, but I guess I'm having some confusion about, there was no remand for resentencing in People v. Hayes in this 5th District, correct? What is your problem with citing a case in the reply brief? As I stated in my brief, Illinois Supreme Court Rule 341-H-7, bringing up arguments for the first time in a reply brief. I don't mean to interject myself, but I'm looking at the brief and she cites Hayes in her appellate brief. I believe. Oh, yes, you're right. I apologize, Your Honor. Regardless, this whole issue is simple, as Your Honor stated in opposing counsel's opening brief. To send it back down now is useless and a waste of the court's resources. The court did state that the defendant is to appear upon release and set a time period for payment. There's nothing wrong with that in this situation, and as opposing counsel acknowledged, you can extend the time period for which the defendant has to pay the order, not including periods of incarceration, so even assuming that we don't include these 10 years. Once he gets out, the court can even extend it past the five years, so there's plenty of opportunity and time for the defendant to set and to be able to pay this back. And the court, and even defense counsel in his argument at the trial court level, even acknowledged, I don't believe the defendant, even if you set the lower amount of $60,000, the defendant's probably not going to pay it back. So everyone understands that the defendant's likely never going to pay this restitution back, but only if, as Justice Cates acknowledged earlier, if you were to write a book and the proceeds from that could go to the victim in this case, or any number of things, such as if he came into some land or sold some property or something like that. What about the issue that was raised on the five years? What's your position on that vis-a-vis extension for good cause? Well, it's not including periods of incarceration, Your Honor. The statute says that, and it does say for good cause shown can be extended, and I think the good cause in this case would be the fact that the amount is so large that it's not reasonable to expect a defendant who we know from the record does odd jobs for work and doesn't have a whole lot and had to resort to stealing to help sustain his lifestyle, that he's probably not going to be able to pay that amount back in five years. So I believe in the state's position is that that would be good cause shown to extend the five-year deadline. Does anyone have any questions? No. Justice Moore? Questions? The state respectfully requests for this court to affirm the decision below. Thank you. Thank you, Ms. Osmond. Rebuttal, Ms. Thompson? Yes, Your Honor. We believe People v. Hayes is on point with our situation here, and in People v. Hayes, this court flat-out said we must remand this cause for rehearing on the order of restitution because the trial court failed to set forth a time limit or method of payment as required by the statute. The amount of payment, we are not contesting the $100,000, Your Honor, and I think that was maybe a little bit confusing with counsel's argument. The ability to pay decision that the trial court has to make connects only to the question of whether it gets paid in a lump sum or in installments. His ability to pay has no impact whatsoever on the amount of restitution that the court sets. So, again, that's part of why we're not disputing the $100,000. That and there just wasn't anything in the record to contest that amount. Our position is simply trial court didn't follow the statute. Trial court has to decide whether it should be paid at all at once or in installments. I think everyone agrees here. It's obvious this will have to be paid in installments just because of the size of the restitution owed. And then the trial court has to determine the length of time that Mr. Vaughn has to make those payments. For good cause, the court can go beyond the five years that the statute limits it to. It doesn't say for how much longer in the statute. That'll be a decision that the trial court will have to make. But the statute says what it says. This court has made that decision in People v. Hayes, and Hayes is not an outlier. As recently as 2011, the third district in People v. Dickey held the same thing. Again, when the issue was not preserved in the trial court. Don't believe the preservation in the trial court necessitates refusal of a remand in this case. We'd ask the court to remand this cause for a new restitution hearing for the trial court to determine two specific things. Method and manner of payment. Thank you. Ms. Thompson, I have one concern, and that is, and maybe my colleagues know this better than I, but if you require the defendant to pay an amount of money that he clearly cannot pay, and you do that within, you know, five years, does the court then lose jurisdiction? I mean, if this gentleman can't pay, is that the end of it? Your Honor, because of the provision in the statute that allows the court to extend the period of time beyond the five years, I don't believe the court would lose jurisdiction until the court finally determined that any further efforts to collect that restitution would be futile, or frankly, until Mr. Vaughn passes. He is not a young man either. So how would that work if the, I mean, other than the court doing what the court did, that is, at the end of your release, you appear back in front of me. How would that structurally happen? The way the court has ordered it now, I think it's difficult for that to happen. I think it puts the onus on Mr. Vaughn to contact the clerk of the circuit court asking to set a court date for himself. But I mean, if it was remanded, how would the judge do that to ensure that, you know, the court always is aware of payment opportunity? There is a method through the circuit clerk's office, Your Honor, where payments are recorded, a collection of payments is recorded. And normally what the circuit clerk does is sets a status date every, some courts it's as short as every 60 days, some courts it's every six months. But the trial court will track whether these payments are being made, the amount of these payments, and make sure that they're being paid over to Mr. Ward. So that is a constant ongoing situation upon his release from DOC that Mr. Vaughn will have to deal with. And that's a matter of the trial court notices him to show up and he's required to show up and answer for any payments that he was ordered to make and has not made. But going back to what you just said about putting the burden on Mr. Vaughn to come to the courthouse when he's released and the burden upon him to set his own court date. Well, what about the burden on the circuit clerk, the state's attorney, or the court to try to keep track of all of these things or all these people? You know, shouldn't there be some burden on the person who owes this to actually come in and say, okay, I'm out. Now I, you know, I have to start doing this. I mean, he has to have some burden, in my opinion. Well, and he does, Judge. I mean, he has the burden of $100,000 debt that he owes. But I don't mean to catch off. For 18 years, I sat on the trial court bench and I know things get slipped through the crack. So he doesn't come into the circuit clerk, the state's attorney, for whatever reason, forgets the court's busy. And then five years goes by and somebody goes, oh, yeah, what happened to Mr. Vaughn and the $100,000 restitution? So where are we there? Yes. And I have also seen those situations occur, Your Honor. And I can't answer that. There is. Although I guess the flip side of that is true, too. If Mr. Vaughn never shows up to set his court date and nobody pays any attention, those five years are going to going to pass as well. Well, that's and I know our time is gone, but I really want to follow up on Justice Boyd's question because obviously he's been in this situation. But on remand, if the court says, OK, I'm going to have a review in 4.5 years because you cannot obviously pay today. Then the matter would come back in 4.5 years, you might have a different judge. And what do we do? We keep extending this out until he's then released from jail. I mean, all these resources on the court. The five year payment period does not include periods of incarceration. So his five years to pay doesn't start until he's released from the department. So the order would be five years. Five years from the time he's released. Yes, ma'am. I'm having a tough time getting my head around why it is we remand when all that's going to happen is the exact same thing. The court can can obviously say within 30 days upon your release, I'm going to review the situation. Right. The court can say that even if the court gives him five years to pay. I don't believe that they can. The way the statute reads, your honor, the way the statute reads at the time the court orders restitution, these determinations are to be made. Whether the payments are to be made singly or I'm sorry, whether it's to be paid in installments or a lump sum and the length of time he has to make those payments. The statute requires all of those to be decided at the time of restitution. Go ahead. If the court remands, that's the decisions that the trial court has to make under the statute. The trial court's option is not to say, well, they've remanded it. So now I'm going to say five years from now when he gets out of jail, he has to come back. They can't enter the same order that they've just entered. No, no. Okay. What I'm saying, what I'm asking, my question wasn't clear. The court will do the two things you've asked it to do. But are you saying that the court can't hold a status hearing and as a part of the remand order you're requiring, request the addition that the defendant appears so that we can determine whether he now has the ability to pay? The court can do that, your honor. And the restitution requirements for Mr. Vaughn can be modified the amount upward or downward based on circumstances at any given time. The trial court could have him come back to court upon his release to determine his financial abilities at that time and make a change to the order that they've already entered. That's what I was asking. Okay, thank you so much. All right. Thank you both for your arguments on this case. The court will take the matter under advisement and we will issue an order in due course. Have a great day.